IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Case No. DKC 12-300-3 |
| | : |
| ANTONIO LALMONT GAITHERS a/k/a Antonio Lalmont Gathers | : |

**MEMORANDUM and ORDER**

Defendant Antonio Lalmont Gaithers ("Mr. Gaithers") filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 204). For the reasons that follow, the motion will be denied.

Mr. Gaithers pleaded guilty to two counts of interference with commerce by robbery (Counts Three and Five) and Use and Carry a Firearm During and in Relation to a Crime of Violence (Count Six). He was sentenced on August 25, 2014, to 168 months in prison consisting of a concurrent 84 months as to Counts Three and Five and a consecutive 84 month sentence on Count Six. He noted an appeal which the United States Court of Appeals for the Fourth Circuit dismissed on June 22, 2022. The mandate issued August 15, 2022. (ECF Nos. 199, 202).

The Clerk received a motion from Mr. Gaithers on November 27, 2023, requesting a reduction of his sentence under Amendment 821. (ECF No. 204). The Clerk sent Mr. Gaithers a letter on

November 29, 2023, advising that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf.  (ECF No. 205).  Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Gaithers' motion.  (ECF No. 206).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.'  This 'rule of finality,' however, 'is subject to a few narrow exceptions.'"  *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines."  *Id.* (quoting 18 U.S.C. § 3582(c)(2)).  In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable."

*Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)). Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing. Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

Mr. Gaithers asserts that he qualifies for a sentence reduction under Amendment 821 because two points were added to his criminal history score for being on probation at the time of this offense. (ECF No. 204). He adds that he has participated in over 25 programs while incarcerated and is now registered with the Department of Labor in Washington DC for plumbing.

At sentencing, Mr. Gaithers' criminal history scored thirteen (13) points. Two more points were added because he was under a criminal sentence at the time of the offense. With a total criminal history score of fifteen (15), Mr. Gaithers was found to be in a criminal history category of VI.

Part A, as applied here, results in the addition of one point in lieu of the two points assessed originally. Calculating together the original criminal history score of thirteen (13) with the addition of one (1) point pursuant to Part A, yields a total criminal history score of fourteen (14). Fourteen (14) criminal history points corresponds to a criminal history category of VI. *See* U.S.S.G. Ch. 5, pt. A. Because Mr. Gaithers remains in a criminal history category of VI even after the application of Part A, he does not qualify for a sentence reduction. Therefore, Mr. Gaithers' motion for a reduction in sentence will be denied.

Accordingly, it is this 12th day of August, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion for a reduction in sentence under Amendment 821 filed by Antonio Lamont Gaithers (ECF No. 204) BE, and the same hereby IS, DENIED; and

2. The Clerk will mail a copy of this Order to Mr. Gaithers and transmit a copy to counsel of record.

/s/
DEBORAH K. CHASANOW
United States District Judge